# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALICE HATANO,

    *Petitioner*,

vs.

RAND BEERS, *et al.*

    *Respondents*.

2:13-cv-01982-GMN-VCF

ORDER

      This represented immigration habeas matter under 28 U.S.C. § 2241 comes before the Court for initial review under 28 U.S.C. § 2243.  The Court will require that petitioner amend her petition to name her immediate custodian as an additional respondent.

      Petitioner Alice Hatano seeks release from physical custody.  She alleges that she is being held at the Henderson Detention Center pending her removal from the United States by federal immigration authorities.  She alleges that she is subject to unconstitutional indefinite detention following upon travel documents not having been issued by Kenyan authorities allegedly over an eight month period.  The petition names as respondents only remote supervisory officials, *i.e.,* the federal attorney general, a department secretary, a local officer in charge, and a field office director.  The petition does not name petitioner's immediate physical custodian, *i.e.,* the warden or jailer at the detention facility, as a respondent.

      Under *Rumsfield v. Padilla*, 542 U.S. 426 (2004), the proper respondent for a core challenge seeking release from physical custody is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official.  542 U.S. at 435.  *Padilla* left open the precise question of whether this immediate custodian rule applies to a habeas petition challenging an alien's custody pending removal.  542 U.S. at 435 n.8; *see also Armentero v. Immigration and Naturalization Service*, 412 F.3d 1088, 1089-1102 (9th Cir. 2005)(*Armentero II*)(Berzon, J., dissenting)(discussing *Padilla*); *Singh v. Holder*, 2012 WL 5878677 (S.D.N.Y. 2012)(discussing later jurisprudence).  The more prudent course, until the

question is definitively resolved by the Supreme Court or Ninth Circuit, would be to require that the immediate custodian also be named as a respondent, to remove this avoidable issue from any further question in the case, both for this Court and reviewing courts. Where the proper respondent is not named, the district court, rather than ordering an immediate dismissal, must afford the petitioner an opportunity to amend her petition to name the proper respondent. *Armentero v. Immigration and Naturalization Service*, 340 F.3d 1058, 1074 (9th Cir. 2003)(*Armentero I*), *withdrawn on grant of en banc rehearing*, 382 F.3d 1153 (9th Cir. 2004).[1]

**IT THEREFORE IS ORDERED** that petitioner shall have **twenty-one (21) days** from entry of this order within which to file an amended petition naming her immediate custodian as an additional respondent. Any amended petition filed will supercede and replace the original petition, as a stand-alone pleading, such that any claims, parties or allegations omitted from the amended petition no longer will be before the Court.

**DATED** this 7th day of November, 2013.

_____
Gloria M. Navarro
United States District Judge

---

[1] The Court expresses no opinion as to whether all remaining remote supervisory officials named also are necessary respondents. Upon the naming of the physical custodian as an additional respondent, and assuming no additional changes in the amended petition requiring further screening, the Court will issue an order for a response served upon the officers necessary for the Court's jurisdiction and proper service, *i.e.*, the Attorney General, the Secretary, the local United States Attorney, and the named physical custodian. The Court normally does not direct service upon, *e.g.,* a field director or other local immigration officer absent a demonstration that same is necessary to sustain the Court's jurisdiction. To date, the local United States Attorney has appeared and filed an initial response to such an order promptly within the time allowed.